1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7              **FOR THE DISTRICT OF ARIZONA**
8

9   Center for Biological Diversity, et al.,        No. CV-15-00019-TUC-JGZ

10                      Plaintiffs,                 **ORDER**

11   v.

12   Sally Jewell, et al.,

13                      Defendants.

14

15        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management
16   Conference is set for **Tuesday, June 9, 2015 at 10:30 a.m.,** with Katie Gulley, law clerk
17   to the Honorable Jennifer G. Zipps, at (520) 205-4614.   The conference will be held
18   telephonically and will be initiated by the Plaintiffs with all appropriate parties on the
19   line.

20        **IT IS HEREBY ORDERED**:

21        The parties are directed to Rule 16, Fed. R. Civ. P., for the objectives of the
22   conference.  At least one of the attorneys for each party attending the conference shall
23   have the authority to enter into stipulations and make admissions regarding all matters
24   which may be discussed.

25        The parties are directed to confer at least 21 days before the conference, in
26   accordance with Rule 26(f), Fed. R. Civ. P., to discuss the following matters:

27        A.     The possibility of consent to a United States Magistrate Judge to conduct

28               any or all proceedings pursuant to 28 U.S.C. § 636(c), the suitability for

1   referral of this matter for alternative dispute resolution, or the referral of

2   this matter to a special master;

3   B.   Any matters relating to jurisdiction or venue or the joinder of additional

4   parties;

5   C.   The nature and bases of their claims and defenses and the possibilities for a

6   prompt settlement or resolution of the case;

7   D.   A schedule of all pre-trial proceedings;

8   E.   Modification of pre-trial procedures due to the simplicity or complexity of

9   the case.

10   F.   Arrangements for Initial Disclosures in compliance with Rule 26(a)(1),

11   Fed. R. Civ. P.  Initial Disclosures shall be made at or within 14 days after

12   the Rule 26(f) conference unless the parties stipulate to a different time or

13   object in the manner required by Rule 26(a)(1); Counsel shall file with the

14   Clerk of the Court, in accordance with Rule 26(a)(4) and LRCiv 5.4,

15   a Notice of Initial Disclosure, rather than copies of the actual  disclosures;

16   G.   Any other matters which counsel may feel will help dispose of the matter in

17   an efficient matter, and;

18   H.   Development of a Proposed Discovery Plan.

19   **IT IS FURTHER ORDERED** Counsel shall file with the Court, on or before

20   **Tuesday, June 2, 2015**, a Joint Report reflecting the results of their meeting and

21   outlining the discovery plan.  It is the responsibility of Plaintiffs' counsel to initiate the

22   communication necessary to prepare the Joint Report. Willful failure to comply will

23   result in the imposition of sanctions.   The report shall include individually numbered

24   brief statements indicating:

25   1.   The nature of the case, setting forth in a brief statement the factual and legal

26   basis for Plaintiffs' claims and Defendants' defenses;

27   2.   A list of the elements of proof necessary for each count of the complaint

28   and each affirmative defense. Where the burden of proof shifts, each party

- 2 -

shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (*i.e.*, United States statutory and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals case law, State of Arizona case law and statutory law, or other authority as dictated by the conflicts of law rules);

3.    The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions;

4.    The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes;

5.    The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance.  Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party;

6.    The names of parties not subject to the Court's jurisdiction;

7.    Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated;

8.    If the parties anticipate filing cross-motions for summary judgment, whether an abbreviated briefing schedule comprised of: (1) a motion, (2) a response / cross-motion, (3) a response to cross-motion / reply and (4) a reply to cross-motion is feasible and if so, proposed page limitations and filing deadlines for each brief;

9.    Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge;

10.   The status of related cases pending before other judges of this court or before other courts and whether it is appropriate for any matters to be

1          consolidated pursuant to LRCiv 42.1(a);

2   11.   A statement of when Initial Disclosures were made or will be made, any

3          proposed changes in the requirements for Initial Disclosures set forth in

4          Rule 26(a), Fed. R. Civ. P., or, if applicable, of the stipulation to set a

5          different time or objection to initial disclosures.  Objections shall be made

6          in the manner required by Rule 26(a)(1), Fed. R. Civ. P.;

7   12.   Suggested changes, if any, in the limitations on discovery imposed by Rule

8          26(b)(2), Fed. R. Civ. P.;

9   13.   The scope of discovery, when discovery should be completed, and whether

10         discovery should be conducted in phases or should be limited to or focused

11         upon particular issues.  For example, where dispositive motions will be

12         filed (e.g., motions for summary judgment or a defense relying on the

13         statute of limitations), counsel should consider limiting discovery to the

14         issue at hand until the Court has ruled on the motion;

15         a.     The extent, nature, and location of discovery anticipated by the

16                parties;

17         b.     Suggested changes, if any, to the discovery limitations imposed by

18                the Federal Rules of Civil Procedure and Local Rule of Civil

19                Procedure 16.2;

20         c.     The number of hours permitted for each deposition, unless extended

21                by agreement of the parties.

22   14.   A discussion of any issues relating to disclosure or discovery of

23         electronically stored information, including the form or forms in which it

24         should be produced (*see* Rules 16(b)(5), 26(f)(3));

25   15.   A discussion of any issues relating to claims of privilege or work product

26         (*see* Rules 16(b)(6), 26(f)(4));

27   16.   Proposed deadlines for:

28         a.     Initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P. (see

- 4 -

page 2, paragraph F);

    b.     Addition of parties or amending complaint;

    c.     Discovery (if the parties believe that discovery will require more than 180 days, counsel MUST provide an explanation showing why, in the instant case, a lengthier period for discovery is necessary);

    d.     Filing dispositive motions;

    e.     Disclosure of initial expert testimony and rebuttal expert testimony pursuant to Rule 26(a)(2), Fed. R. Civ. P.;

    f.     Disclosure of witness list;

    g.     Filing of settlement status reports, and;

    h.     Filing pre-trial statement.

17. Counsel shall disclose what evidentiary hearings, such as *Daubert,* will be required and when such hearing shall be held;

18. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

19. Whether a jury trial has been requested and whether the request for jury trial is contested;

20. The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement;

21. In class actions, the proposed dates for class certification proceedings and other class management issues.  Such certification will result in the case being reassigned to the complex track for case management purposes;

22. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2, and;

23. Any suggestions to expedite the disposition of this matter.

After the conference, the Court will enter a Scheduling Order limiting the time

1   within which counsel may file pre-trial motions, complete discovery, and file the

2   proposed pre-trial order.  To the extent that the Court's Scheduling Order differs from the

3   parties' proposed schedule, the provisions of the Court's Order shall supersede the parties'

4   proposed schedule and shall control the course of the action unless modified by

5   subsequent Order.

6          **IT IS FURTHER ORDERED** that all parties are expected to comply with Rule

7   26, Fed. R. Civ. P., and to minimize the expense of discovery.  Counsel should ensure

8   that all pleadings comply with LRCiv. 7.1 and 7.2.  The parties and their counsel are

9   cautioned that the deadlines set in the Court's Scheduling Order shall be strictly enforced.

10  This Court views this Scheduling Conference as critical to its case management

11  responsibilities and the responsibilities of the parties under Rule 1, Fed. R. Civ. P.

12

13

14          Dated this 13th day of May, 2015.

15

16

17          Jennifer G. Zipps
            United States District Judge
18

19

20

21

22

23

24

25

26

27

28