Timothy J. Preso (Montana Bar No. 5255)
Earthjustice
313 East Main Street
Bozeman, MT  59715
tpreso@earthjustice.org
Fax: (406) 586-9695
Phone:  (406) 586-9699

Heidi McIntosh (Utah Bar No. 6277)
Jessica Townsend (Colorado Bar No. 46895)
Earthjustice
633 17th Street, Suite 1600
Denver, CO  80202
hmcintosh@earthjustice.org
jtownsend@earthjustice.org
Fax: (303) 623-8083
Phone: (303) 623-9466

*Attorneys for Plaintiffs Center for
Biological Diversity and Defenders of Wildlife*

Andrea Santarsiere (Idaho Bar No. 8818)
Center for Biological Diversity
P.O. Box 469
Victor, ID  83455
asantarsiere@biologicaldiversity.org
Phone: (303) 854-7748

*Attorney for Plaintiff Center for
Biological Diversity*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Center for Biological Diversity, <u>et al.</u>, | ) | No. 4:15-cv-00019 TUC-JGZ |
| | ) | (consolidated with No. 4:15-cv- |
| | ) | 00179-JGZ) |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | JOINT REPORT |
| Sally Jewell, Secretary of the Interior, <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to this Court's Order of May 14, 2015, as modified by the Order of June 1, 2015, the parties to these consolidated cases hereby present their Joint Report.  In this Joint Report, the parties respond separately as to each of the two consolidated cases regarding required statements 1 to 4 but present joint responses to all other required statements.

I.      **PARTIES' SEPARATE RESPONSES**

    A.      <u>**Center for Biological Diversity, et al. v. Jewell, et al.,**</u> **No. CV-15-00019-TUC-JGZ ("<u>CBD v. Jewell</u>")**

        1.      <u>Nature of the Case, Parties' Claims and Defenses</u>

<u>Nature of the Case</u> – This case concerns the U.S. Fish and Wildlife Service's ("FWS") management of the Mexican gray wolf, which is listed as an endangered species under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 <u>et seq</u>.  Once reduced to only seven individuals in a captive breeding program, the Mexican gray wolf was reintroduced into the wild by FWS in 1998 as an "experimental population" pursuant to ESA section 10(j), 16 U.S.C. § 1539(j).  Today, the wild Mexican gray wolf population is estimated to include 109 wolves in a single population in eastern Arizona and western New Mexico.  On January 16, 2015, FWS issued a revised rule to manage the wild Mexican gray wolf population under ESA section 10(j) and decided to issue an associated permit under ESA section 10(a)(1)(A), 16 U.S.C. § 1539(a)(1)(A), to authorize "taking"—i.e., capturing or killing—of Mexican gray wolves in certain circumstances. <u>See</u> Endangered and Threatened Wildlife and Plants; Revision to the Regulations for the

Nonessential Experimental Population of the Mexican Wolf, 80 Fed. Reg. 2512 (Jan. 16, 2015) (to be codified at 50 C.F.R. § 17.84(k)).

Plaintiffs' Claims – Plaintiffs challenge FWS's new rule and associated "taking" permit, as well as a FWS biological opinion and environmental impact statement ("EIS") addressing the impact of these measures, based on seven causes of action.

Plaintiffs' first three causes of action allege violations of the ESA and its implementing regulations.  In Count I, Plaintiffs assert that FWS failed to consider the impact of its new 10(j) rule and 10(a)(1)(A) permit on Mexican gray wolf recovery, which Plaintiffs allege is required because all of the ESA statutory and regulatory provisions governing FWS's challenged actions either require consideration of species recovery or authorize such actions only when they facilitate species recovery.  See 16 U.S.C. §§ 1531(b), (c), 1533(d), 1539(a)(1)(A), (d) (requiring species "conservation"); id. § 1532(3) (defining "conservation" to mean recovery); 50 C.F.R. § 402.02 (requiring consideration of both "survival and recovery").

In Count II, Plaintiffs assert that FWS not only failed to consider recovery, but substantively impeded Mexican gray wolf recovery in violation of ESA section 10(j) and 10(a)(1)(A) and (d) through certain features of the new rule, including imposition of a population cap, failure to provide for sufficient release of wolves to address mounting genetic problems, limitations on wolf dispersal into needed recovery habitats, and expansion of lethal "taking" authorizations without adequate safeguards.

In Count III, Plaintiffs assert that FWS violated ESA section 7(a)(2), 16 U.S.C. § 1536(a)(2), by failing in its biological opinion to utilize the "best scientific and

3

commercial data available" in evaluating the impact of the 10(j) rule and 10(a)(1)(A) permit provisions, including provisions for a population cap and limitation on wolf dispersal.

Plaintiffs' fourth through seventh causes of action allege violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and its implementing regulations. In Count IV, Plaintiffs assert that FWS violated 40 C.F.R. § 1502.9(c)(1)(i) by failing to prepare and circulate a supplemental draft EIS to disclose and analyze substantial changes from the agency's proposed action that were not included or disclosed in the agency's draft EIS, including imposition of a Mexican gray wolf population cap and limitations on wolf dispersal west of Highway 87 in Arizona.

In Count V, Plaintiffs assert that FWS unlawfully failed to ensure the "scientific integrity" of its EIS, 40 C.F.R. § 1502.24, and failed to take a "hard look" at environmental impacts, Native Ecosystems Council v. U.S. Forest Serv., 418 F.3d 953, 964 (9th Cir. 2005), by misapplying and misinterpreting scientific evidence in its environmental analyses.

In Count VI, Plaintiffs assert that FWS failed in its EIS to consider adoption of management options encompassing important wolf conservation measures, including permitting wolves to disperse into recovery habitat north of Interstate 40 and safeguarding genetically significant individuals, and thereby failed to explore a reasonable range of alternatives in violation of 42 U.S.C. § 4332(2)(C)(iii) and 40 C.F.R. § 1502.14(a).

4

Finally, in Count VII, Plaintiffs assert that FWS violated 40 C.F.R. § 1502.2(d) by failing in its EIS to state or consider whether the revised 10(j) rule and associated "taking" permit would satisfy the ESA's species recovery requirements by facilitating Mexican gray wolf recovery.

Defendants' Defenses – With respect to Counts I through III, it is Federal Defendants' position that FWS properly considered all requirements of the ESA when issuing the challenged actions, including impacts to the species' recovery, and that the FWS biological opinion analyzing these actions complies with the "best scientific and commercial data available" standard. With respect to Count I, Federal Defendants assert that in 1982 FWS developed a Recovery Plan for Mexican wolves. That Recovery Plan is still valid, and FWS was not legally required to revise it before reissuing the Mexican wolf 10(j) Rule in January 2015. Regarding Count II, it is Federal Defendants' position that the new 10(j) Rule will contribute to the conservation and recovery of Mexican wolves. Regarding Count III, it is Federal Defendants' position that FWS used the "best scientific and commercial data available" in the new 10(j) Rule and the EIS.

With respect to Counts IV through VII, it is Federal Defendants' position that FWS complied with all NEPA requirements and that FWS was not required to issue a supplemental draft EIS. Regarding Count IV, it is Federal Defendants' position that a supplemental EIS was not required for several reasons. A primary reason is that NEPA allows (indeed, calls for) FWS to modify a proposed action in light of public comments on a draft EIS. Regarding Count V, FWS neither misapplied nor misinterpreted scientific evidence in the new 10(j) Rule or the EIS. The Administrative Record will show that

FWS worked with scientists—whose work is cited in the 10(j) Rule and EIS—to ensure that their opinions were accurately reflected in the new 10(j) Rule and EIS.  Regarding Count VI, FWS did consider an alternative that established an expanded Mexican Wolf Experimental Population Area ("MWEPA") that extended north of Interstate 40, in satisfaction of any NEPA obligations.  Regarding Count VII, FWS appropriately analyzed the effects of the new 10(j) Rule on the recovery of Mexican wolves.

### 2.   Elements of Proof for Claims and Defenses

The burden and elements of proof in this challenge to federal agency actions are established by the judicial review provision of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Judicial review of administrative decisions involving the ESA is governed by APA section 706.  See Ariz. Cattle Growers' Ass'n v. FWS, 273 F.3d 1229, 1235 (9th Cir. 2001).  Similarly, "judicial enforcement of NEPA rights is available through the APA."  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1179 (9th Cir. 2004).  "The party bringing an APA case bears the burden of demonstrating that the agency's actions were arbitrary and capricious."  San Carlos Apache Tribe v. United States, 272 F. Supp. 2d 860, 885 n.16 (D. Ariz. 2003), aff'd on other grounds, 417 F.3d 1091 (9th Cir. 2005).  Accordingly, for each of Plaintiffs' claims, Plaintiffs bear the burden of demonstrating that the challenged FWS "actions, findings, and conclusions" were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

### 3.   Factual and Legal Issues Genuinely in Dispute

This case under the APA judicial review provision does not require the Court to resolve any factual disputes.  See Occidental Eng'g Co. v. Immigration & Naturalization

6

Serv., 753 F.2d 766, 769 (9th Cir. 1985) (holding that the "court is not required to resolve any facts in a review of an administrative proceeding"); see also City & County of San Francisco v. United States, 130 F.3d 873, 877 (9th Cir. 1997) (same).  Further, under the APA's judicial review provision, the scope of review is, with certain exceptions, generally limited to the administrative record.  Sw. Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1450 (9th Cir. 1996).  The task of the reviewing court is to determine "whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."  Occidental Eng'g Co., 753 F.2d at 769.  In this case, the Court must make that legal determination with respect to each of Plaintiffs' claims under the ESA and NEPA.

The parties have conferred and determined that it is not possible to narrow the legal issues in this case by stipulation and motion, but that cross-motions for summary judgment, as set forth below, will permit an efficient and expeditious resolution of all issues.

4.      Jurisdictional Basis for the Case

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. § 1540(c), (g) (ESA citizen suit provision), and may issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201-02 and 5 U.S.C. § 706 (APA).  Further, as to Plaintiffs' NEPA claims, "no provision of NEPA explicitly grants any person or entity standing to enforce the statute, but judicial enforcement of NEPA rights is available through the APA."  Cetacean Cmty., 386 F.3d at 1179.  Defendants' sovereign immunity is waived pursuant to the ESA, 16 U.S.C. §

7

1540(g), or, alternatively, the APA, 5 U.S.C. § 702.  Plaintiffs provided Defendants with

notice of Plaintiffs' intent to sue on January 16, 2015, as required by the ESA citizen suit

provision, 16 U.S.C. § 1540(g)(2).

      **B.**    **<u>Arizona and New Mexico Coalition of Counties for Economic Growth,
et al. v. FWS, et al., No. CV-15-00179-TUC-JGZ ("Coalition v. FWS")</u>**

          1.    <u>Nature of the Case, Parties' Claims and Defenses</u>

Petitioners Arizona and New Mexico Coalition of Counties for Economic Growth,

*et al.,* no. CV-15-00179 (consolidated with CV-15-00019), seek judicial review pursuant

to 5 U.S.C. §§ 702, 704 and 706 of the "final agency action" of Respondents United

States Department of the Interior and United States Fish and Wildlife Service, an agency

of the Department of the Interior (collectively "USFWS") adopting, on or about January

16, 2015, its final rule under section 10(j) of the Endangered Species Act entitled:

"Endangered and Threatened Wildlife and Plants; Revision to the Regulations for the

Nonessential Experimental Population of the Mexican Wolf."  80 Fed. Reg. 2512 (Jan.

16, 2015) ("2015 10(j) Rule").  The Endangered Species Act section 10(j) is codified at

16 U.S.C. § 1539(j).

Plaintiffs' Claims – Petitioners contend that this Court must hold unlawful and

must set aside and vacate the 2015 10(j) Rule and Record of Decision, without further

direction to the agency, because the 2015 10(j) Rule is not in accordance with law, is

arbitrary or capricious, is in excess of Respondents' statutory authority, has been adopted

without observance of procedures required by law and/or is unsupported by substantial

evidence.  Petitioners further contend that the 2015 10(j) Rule has been adopted without

compliance with the procedures required by the National Environmental Policy Act and is contrary to those procedures and is further contrary to the requirements and limitations of the Endangered Species Act, all as specifically set forth in detailed allegations in Petitioners' First Amended Petition for Review [doc. 44, case 4:15-cv-00019-JGZ], incorporated by reference herein.

The claims for relief contained in Petitioners' First Amended Petition for Review are:

First Claim: Violations of the National Environmental Policy Act.

A.  Violation of NEPA's Consultation and Consistency Review Requirements. See 42 U.S.C. § 4332(c); 40 C.F.R. §§ 1506.2(d) and 1502.16(c); 43 C.F.R. §§ 46.155 and 46.415.

B.  The USFWS' Piecemeal Approach is Erroneous under NEPA and CEQ Regulations.  See 40 C.F.R. § 1508.25.

C.  Absence of Critical Information and Narrow Range of Alternatives.  See 42 U.S.C. § 4332; 40 C.F.R. §§ 1500.2(f); 1502.14; 1502.22.

D.  Failure to Analyze Any Irreversible or Irretrievable Commitments of Resources.  See 42 U.S.C. § 4332; 40 C.F.R. § 1502.16.

E.  Failure to Consider Adverse Effects on Human Environment.  See 40 C.F.R. §§ 1500.2(f); 1508.14.

F.  The FEIS' Discussion of "Cumulative Effects" is Flawed.  See id. §§ 1508.25(c)(3); 1508.7.

G.  Failure to Provide and Consider Adequate Mitigation.

1.  The Compensation Program does not Provide Adequate Mitigation.

2.  The Regulatory "Take" Provisions are Unduly Restrictive and Thus Are Not Adequate Mitigation.  See id. § 1508.20.

H.  The FEIS Fails to Adequately Analyze the Effects of its 10(j) Rule Upon Big Game (Elk) Hunting Activities.  See id. §§1502.16; 1502.22.

Second Claim: Violations of the Endangered Species Act.

A.  The USFWS' Decision to Release Mexican Wolves into Unsuitable Habitat is Arbitrary or Capricious and is Not in Accordance with Law.  See 50 C.F.R. § 17.81(a).

B.  The USFWS' Decision Must Fail Because there is No Appropriate Means to Identify the Experimental Population or to Quantify the Number Released.  See id. § 17.81(c)(1).

C.  No Likelihood of Success and No Consideration of Recovery.  See 16 U.S.C. § 1533(f); 50 C.F.R. § 17.81(c)(4).

D.  The Endangered Species Act requires that, to the Maximum Extent Practicable, the USFWS is to Reach an Agreement with "Persons Holding an Interest in Land."  The USFWS Has Failed to Fulfill this Requirement.  See 50 C.F.R. § 17.81(d).

Third Claim: Violation of the Regulatory Flexibility Act.

The USFWS has failed to conduct a "regulatory flexibility analysis" in the manner required by 5 U.S.C. §§ 603-604.  The USFWS' conclusion that the 2015 10(j) Rule does not impact small businesses is not supported by the evidence and its analysis is defective. The USFWS has not obtained relevant information and data to inform itself of the

economic impacts of its Rule upon small businesses and those engaged in hunting enterprises, contrary to 40 C.F.R. § 1502.22.

Fourth Claim: Violation of E.O. 12898–Environmental Justice.

Minority groups in Arizona and New Mexico bear a disproportionate share of negative consequences resulting from the USFWS' 2015 10(j) Rule.  The USFWS' failure and refusal to recognize this disproportionate impact on minorities is arbitrary or capricious and contrary to E.O. 12898.  Its "environmental justice" analysis is flawed and is contrary to E.O. 12898.  The USFWS' rule is arbitrary or capricious and unsupported by substantial evidence.

Defendants' Defenses – With respect to the First Claim, it is Federal Defendants' position that FWS complied with all NEPA requirements, analyzed a reasonable range of alternatives, and appropriately analyzed the effects of the rule.

With respect to the Second Claim, it is Federal Defendants' position that FWS complied with all requirements of the ESA, including impacts to the species' recovery, and reached a reasonable determination.

With respect to the Third Claim, it is Federal Defendants' position that FWS complied with the requirements of the Regulatory Flexibility Act.

With respect to the Fourth Claim, it is Federal Defendants' position that the final agency action is in accordance with Executive Order 12898, and that Executive Order 12898 does not create a right to judicial review involving the compliance or noncompliance of the United States.

11

2.    Elements of Proof for Claims and Defenses

The burden and elements of proof in this challenge to federal agency actions are established by the judicial review provision of the APA, 5 U.S.C. § 706.  Judicial review of administrative decisions involving the ESA is governed by APA section 706.  See Ariz. Cattle Growers' Ass'n, 273 F.3d at 1235.  Similarly, "judicial enforcement of NEPA rights is available through the APA."  Cetacean Cmty., 386 F.3d at 1179.  "The party bringing an APA case bears the burden of demonstrating that the agency's actions were arbitrary and capricious."  San Carlos Apache Tribe, 272 F. Supp. 2d at 885 n.16. Under 5 U.S.C. § 706, the reviewing court must decide all relevant questions of law and must interpret statutory provisions and must hold unlawful and set aside agency action, findings and conclusions that are found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; are in excess of statutory authority or limitations; are made without observance of procedures required by law; or, are unsupported by substantial evidence in the record.

3.    Factual and Legal Issues Genuinely in Dispute

This case under the APA judicial review provision does not require the Court to resolve any factual disputes.  See Occidental Eng'g Co., 753 F.2d at 769 (holding that the "court is not required to resolve any facts in a review of an administrative proceeding"); see also City & County of San Francisco, 130 F.3d at 877 (same).  Further, under the APA's judicial review provision, the scope of review is, with certain exceptions, generally limited to the administrative record.  Sw. Ctr. for Biological Diversity, 100 F.3d

12

at 1450.  In this case, the Court must make the necessary legal determinations with respect to each of Plaintiffs' claims under the ESA, NEPA and the APA.

The parties have conferred and determined that it is not possible to narrow the legal issues in this case by stipulation and motion, but that motions and cross-motions for summary judgment, as set forth below, will permit an efficient and expeditious resolution of all issues.

4.   <u>Jurisdictional Basis for the Case</u>

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (federal question) and 16 U.S.C. § 1540(c), (g) (ESA citizen suit provision) and may issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201-02 and 5 U.S.C. §§ 702, 704 and 706 (APA).  Further, as to Plaintiffs' NEPA claims, "no provision of NEPA explicitly grants any person or entity standing to enforce the statute, but judicial enforcement of NEPA rights is available through the APA."  <u>Cetacean Cmty.</u>, 386 F.3d at 1179.  Defendants' sovereign immunity is waived pursuant to the ESA, 16 U.S.C. § 1540(g), or, alternatively, the APA, 5 U.S.C. § 702.  Plaintiffs provided Defendants with notice of Plaintiffs' intent to sue on February 12, 2015, as required by the ESA citizen suit provision, 16 U.S.C. § 1540(g)(2).

## II.     PARTIES' JOINT RESPONSES

> 5.     Parties That Have Not Been Served or Filed An Answer or Other Appearance

All parties in these cases have been served and/or have filed an answer or other appearance.

> 6.     Parties Not Subject to Court's Jurisdiction

All parties are subject to the Court's jurisdiction.

> 7.     Pre-Trial Motions

One pre-trial motion is now pending in these cases:  Defendant-Intervenor State of Arizona on May 26, 2015, moved to dismiss the Plaintiffs' complaint in CBD v. Jewell, No. CV-15-00019-TUC-JGZ.  See Dkt.#46.  Briefing of that motion is ongoing.

Regarding further pre-trial motions, the parties propose to dispose of these consolidated cases through cross-motions for summary judgment, as set forth below.  In addition, the parties propose to establish a procedure and deadline for certain non-dispositive motions.  First, the parties propose to establish a deadline for motions, if any, concerning the sufficiency of the FWS administrative record.  Second, the Plaintiffs in both consolidated cases intend to file motions to intervene as defendants in each others' cases.  Plaintiffs will confer with the Court at the July 9, 2015 Case Management Conference about the potential for an expedited procedure for such intervention motions. The parties do not anticipate any other pre-trial motions at this time.

14

8.      <u>Cross-Motions for Summary Judgment</u>

The parties anticipate resolving this case by filing cross-motions for summary judgment after sufficient time for review and motions practice, if any, concerning the FWS administrative record.  The parties agree that the abbreviated cross-motion schedule suggested by the Court's Order of May 14, 2015 is appropriate for use in each of these cases.  The parties propose to brief these consolidated cases on the same schedule to maximize efficiency and economy in briefing and adjudication.  Nevertheless, the parties propose separate motions and briefing in each of the consolidated cases given the divergence and opposing nature of the claims presented by each set of Plaintiffs.

Specifically, the parties have conferred and propose the following schedule to govern each of these cases:

| | |
|---|---|
| Defendants' lodging of the FWS administrative record and transmission of a copy to each separately represented party | August 31, 2015 |
| Deadline for parties to meet and confer regarding administrative record issues | October 15, 2015 |
| Deadline for motions, if any, concerning the administrative record | November 5, 2015 |

If no motions concerning the administrative record are filed, the parties propose the following schedule to govern briefing of cross-motions for summary judgment in each case.  If motions concerning the administrative record are filed, the parties propose that Plaintiffs' opening summary-judgment motion and brief in support in each case shall be due 30 days after this Court's resolution of any such record motion, with subsequent briefs due at intervals equivalent to those set forth in the schedule proposed below.

15

| | |
|---|---|
| Plaintiffs' opening summary-judgment motion | December 11, 2015 |
| Federal Defendants' combined cross-motion for summary judgment and response to Plaintiffs' motion for summary judgment in <u>CBD v. Jewell</u>, No. CV-15-00019-TUC-JGZ | January 29, 2016 |
| Federal Defendants' combined cross-motion for summary judgment and response to Plaintiffs' motion for summary judgment in <u>Coalition v. FWS</u>, No. CV-15-00179-TUC-JGZ | February 5, 2016 |
| Plaintiffs' combined response to Federal Defendants' cross-motion and reply in support of their own cross-motion for summary judgment | March 16, 2016 |
| Federal Defendants' reply in support of their cross-motion for summary judgment in <u>CBD v. Jewell</u>, No. CV-15-00019-TUC-JGZ | April 15, 2016 |
| Federal Defendants' reply in support of their cross-motion for summary judgment in <u>Coalition v. FWS</u>, No. CV-15-00179-TUC-JGZ | April 22, 2016 |

The parties propose the following additional provisions to govern summary-judgment briefing:

<u>Intervenor Cross-Motions</u> – Cross-motions for summary judgment and related briefing from any intervenors shall be due one week after the brief of the original party they are supporting – e.g., Defendant-Intervenors' summary-judgment cross-motions in each case shall be due one week after the corresponding cross-motion of the Federal Defendants.  In all cases, intervenors shall avoid repeating arguments previously advanced to the Court in an original party's brief.  The original parties shall consolidate their response to intervenor arguments into their brief responding to the arguments

advanced by the original party that the intervenor is supporting—e.g., Plaintiffs in <u>CBD v. Jewell</u>, No. CV-15-00019-TUC-JGZ, shall respond to arguments advanced by Defendant-Intervenor State of Arizona in the same combined response and reply brief in which they respond to arguments advanced by the Federal Defendants.

<u>Page Limits</u> – Because of the extensive administrative record and multiple legal claims at issue in these cases, as well as the fact that certain briefs in the proposed schedule will respond to more than one summary-judgment filing, the parties submit that an expansion of the page limit imposed by LRCiv 7.2(e)(1) is warranted.  Specifically, the parties propose that, in each case, opening summary-judgment briefs for the original parties shall be limited to 45 pages; opening summary-judgment briefs for intervenors shall be limited to 20 pages; Plaintiffs' combined summary-judgment response and reply brief shall be limited to 40 pages; Federal Defendants' reply shall be limited to 30 pages; and intervenors' replies shall be limited to 15 pages.

<u>Statements of Facts</u> – In recognition of the page-limit expansion for summary-judgment briefs proposed above, the parties further propose that the statements of facts required in support of summary-judgment motions and responses pursuant to LRCiv 56.1 shall be subject to page limits.  Specifically, the parties propose that, in each case, any original parties' separate statement of facts pursuant to LRCiv 56.1(a) and controverting statement of facts pursuant to LRCiv 56.1(b) shall be limited to 20 pages.  The parties propose that the same documents shall be limited to 10 pages for intervenors and that intervenors shall avoid repeating factual assertions previously advanced to the Court in an original party's statement.

9.      Arbitration, Special Master, or Magistrate Judge

The parties agree that these cases are not suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge.

10.      Related Cases

There are two other cases pending in the Tucson Division of this Court concerning FWS's management of Mexican gray wolves under the ESA.  In the first-filed case, Defenders of Wildlife, et al. v. Jewell, et al., No. CV-14-02472-TUC-FRZ, the same parties who are Plaintiffs before this Court in CBD v. Jewell, No. CV-15-00019-TUC-JGZ, along with other Plaintiffs, sued FWS on November 12, 2014, alleging failure to take required action and unlawful delay in the agency's compliance with ESA section 4(f)'s requirement to prepare recovery plans for listed species.  In the second-filed case, Arizona v. Jewell, et al., No. CV-15-00245-TUC-CKJ, the State of Arizona, which is a Defendant-Intervenor before this Court in CBD v. Jewell, No. CV-15-00019-TUC-JGZ, raised substantially similar allegations and claims against FWS in a complaint filed on June 8, 2015.

The Federal Defendants in the Defenders of Wildlife case filed a motion to dismiss the Plaintiffs' complaint on January 30, 2015.  Briefing of that motion concluded on March 20, 2015 and the parties await a ruling or the scheduling of a hearing by the Court.  The Federal Defendants have not yet answered or otherwise responded to the Plaintiff's complaint in the Arizona case.  The parties will further assess the question whether consolidation of either of these cases pursuant to LRCiv 42.1(a) is appropriate after resolution of the pending dismissal motion.

18

11.     Initial Disclosures

Because these cases are actions "for review on an administrative record," they are exempt from the Initial Disclosures requirements of Federal Rule of Civil Procedure 26(a).  See Fed. R. Civ. P. 26(a)(1)(B)(i).

12.     Changes in Discovery Limitations

Because these cases are subject to the judicial review provisions of APA section 706, discovery generally is not appropriate.  See Animal Defense Council v. Hodel, 840 F.2d 1432, 1436 (9th Cir. 1988), amended, 867 F.2d 1244 (9th Cir. 1989).  Under the APA, "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."  Camp v. Pitts, 411 U.S. 138, 142 (1973).  Further, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."  Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985).  Although this general approach is subject to exceptions in certain circumstances, see, e.g., Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977), none of the parties at this time, in advance of the Federal Defendants' lodging of the agency administrative record, asserts that such an exception applies in either of these cases.

13.     Scope of Discovery

Not applicable.  See response number 12, supra.

14.     Discovery of Electronically Stored Information

Not applicable.  See response number 12, supra.

15.     Privilege or Work Product Issues

Federal Defendants will indicate any claims of privilege or work product in the index to the administrative record to be lodged on August 31, 2015.

16.     Proposed Deadlines

The parties incorporate their responses above concerning the inapplicability of discovery procedures and their proposed deadlines for motions and briefing concerning the administrative record and summary judgment in these cases.  In addition, the Plaintiffs in both cases do not at this time intend any further amendment of their complaints.

17.     Evidentiary Hearings

Not applicable.  See response number 12, supra.  However, the parties intend to seek oral argument on the summary-judgment issues in these cases.

18.     Trial Date and Length

Not applicable.  See response number 12, supra.  However, the parties intend to seek oral argument on the summary-judgment issues in these cases.

19.     Jury Trial

Not applicable.  See response number 12, supra.

20.     Prospects for Settlement

The parties do not believe settlement of these cases is possible at this time and seek a judicial resolution through cross-motions for summary judgment.  The parties will continue to communicate and will advise the Court if a settlement opportunity arises.

21.     Class-Action Considerations

Not applicable.

22.     Unusual, Difficult, or Complex Problems

Not applicable.

23.     Suggestions to Expedite Disposition

The parties believe these cases can be expeditiously and efficiently resolved through cross-motions for summary judgment, as described and proposed in response number 8, supra.

Respectfully submitted this 2nd day of July, 2015.

s/ Timothy J. Preso
Timothy J. Preso (Montana Bar No. 5255)
Earthjustice
313 East Main Street
Bozeman, MT  59715
tpreso@earthjustice.or
Fax: (406) 586-9695
Phone:  (406) 586-9699

Heidi McIntosh (Utah Bar No. 6277)
Jessica Townsend (Colorado Bar No. 46895)
Earthjustice
633 17th Street, Suite 1600
Denver, CO  80202
hmcintosh@earthjustice.org
jtownsend@earthjustice.org
Fax: (303) 623-8083
Phone: (303) 623-9466

*Attorneys for Plaintiffs Center for Biological
Diversity and Defenders of Wildlife*

Andrea Santarsiere (Idaho Bar No. 8818)
Center for Biological Diversity
P.O. Box 469
Victor, ID  83455
asantarsiere@biologicaldiversity.org
Phone: (303) 854-7748

*Attorney for Plaintiff Center for Biological
Diversity*

                               s/ Karen Budd-Falen
                               _____
                               Karen Budd-Falen
                               Andrea R. Buzzard *(pro hac vice)*
                               BUDD-FALEN LAW OFFICES
                               300 East 18th Street
                               P.O. Box 346
                               Cheyenne, WY 82003
                               (307) 632-5101 (telephone)
                               (307) 637-3891 (telefax)
                               karen@buddfalen.com
                               andrea@buddfalen.com

                               *Attorneys for Petitioners Arizona and New*
                               *Mexico Coalition of Counties for Economic*
                               *Growth, et al.*


                               JOHN C. CRUDEN, Assistant Attorney
                               General
                               United States Department of Justice
                               Environment and Natural Resources Division

                               SETH M. BARSKY, Section Chief
                               KRISTEN L. GUSTAFSON, Assistant
                               Section Chief

                               BRIDGET KENNEDY McNEIL (CO Bar
                               34299)
                               Senior Trial Attorney
                               Wildlife and Marine Resources Section
                               999 18th St., South Terrace, Suite 370
                               Denver, Colorado 80202
                               Ph: 303-844-1484
                               bridget.mcneil@usdoj.gov

/s/ Andrew A. Smith
ANDREW A. SMITH (NM Bar. 8341)
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Ph: 505-224-1468
andrew.smith@usdoj.gov

TANYA C. NESBITT (DC Bar 990346)
Trial Attorney
Natural Resources Section
601 D Street N.W.
Washington, D.C. 20004
Ph: 202-305-0457
tanya.nesbitt2@usdoj.gov

*Attorneys for Federal Defendants*

/s/ James F. Odenkirk
James F. Odenkirk
Assistant Attorney General

*Attorney for Defendant-Intervenor State of Arizona*

Case 4:15-cv-00019-JGZ   Document 51   Filed 07/02/15   Page 25 of 25

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2015, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

Karen Budd-Falen
Andrea R. Buzzard
karen@buddfalen.com
andrea@buddfalen.com
Attorneys for Petitioners Arizona and New Mexico
Coalition of Counties for Economic Growth, et al.

Andrew A. Smith
Bridget Kennedy McNeil
Tanya C. Nesbitt
andrew.smith@usdoj.gov
bridget.mcneil@usdoj.gov
tanya.nesbitt2@usdoj.gov
Attorneys for Federal Defendants

James F. Odenkirk
james.odenkirk@azag.gov
Attorney for Defendant-Intervenor State of Arizona


*/s/  Timothy J. Preso*
Timothy J. Preso