**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity et al., | No. CV-15-00019-TUC-JGZ (l)<br>No. CV-15-00179-TUC-JGZ (c)<br>No. CV-15-00285-TUC-JGZ (c) |
| Plaintiffs, | |
| v. | |
| Ryan Zinke, et al., | **ORDER** |
| Defendants. | |
| —————————————————— | |
| Safari Club International, et al., | No.  CV 16-00094-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Ryan Zinke, et al., | |
| Defendants. | |

Pending before the Court is Federal Defendants' Motion to Modify Deadline for Completion of Remand. (Doc. 267.)[1] Plaintiffs Center for Biological Diversity and Defenders of Wildlife and Plaintiffs WildEarth Guardians, et al., filed responses.[2] (Docs. 268, 269.)  Federal Defendants filed a combined reply. (Doc. 273.) After consideration of the parties' briefing and the record, the Court will grant the Defendants' motion.

---

[1] The citations to the record in this order refer to case No. CV-15-00019-TUC-JGZ.

[2] The Center for Biological Diversity and Defenders of Wildlife are Plaintiffs in case No. CV-15-00019-TUC-JGZ. WildEarth Guardians, New Mexico Wilderness Alliance, and Friends for Animals are Plaintiffs in case No. CV-15-00285-TUC-JGZ.

I.    **Background**

In a March 31, 2018 Order, the Court found that Fish and Wildlife Service's (FWS) 2015 10(j) rule for the experimental population of the Mexican gray wolf was not compliant with the Endangered Species Act (ESA). (Doc. 200, p. 40.) The Court remanded the 2015 10(j) rule to FWS for further action consistent with the Court's Order, and held that the existing 10(j) rule would remain in effect until a new final rule issued.  (*Id.* at 43-44.) The Court further ordered that the parties provide a proposed deadline for the publication of a revised 10(j) rulemaking. (*Id.* at 44.)

On June 7, 2018, the Court ordered that, following the issuance of a final order on the request for interim injunctive relief and entry of final judgment, Federal Defendants shall have twenty-five months to issue a final, revised 10(j) rule. (Doc. 215, p. 2.) The Court denied injunctive relief on March 29, 2019, and, on April 17, 2019, the Court entered final judgment with a twenty-five-month remand deadline, requiring Defendants to file semi-annual reports.  (Docs. 242, 244.)

In its first report filed in July 2019, FWS indicated that it had started the revision process and that it would develop an internal draft of the proposed 10(j) rule and associated NEPA analyses on schedule between June and November 2019. (Doc. 247.)

The December 2019 status report stated that FWS had developed a "working draft" while it continued "analyzing several specific issues." (Doc. 261, p. 2.) The agency determined that a supplemental environmental impact statement (SEIS) would be necessary—a four-month process not accounted for in the twenty-five-month deadline. (*Id.*)

In its July 1, 2020 report, FWS stated that completion of the SEIS was necessary before proceeding further with the development of the proposed rule; FWS had published a Notice of Intent to develop a SEIS on April 15, 2020; FWS was waiting for the 60-day comment period to end. (Doc. 265, p. 2.) FWS further stated that delays were expected due to complications of the now present COVID-19 pandemic, including reduced staff hours, delays in internal processes and external communications with cooperating agencies, and

the redirecting of resources and staff labor towards developing a virtual forum for the public comment period. (*Id.* at 4-5.) FWS reported that it was working to publish a Notice of Availability of the proposed revised rule and a draft SEIS in the Federal Register by October 2020. (*Id.* at 4.) At this point, FWS was six months behind the original schedule.

In its January 2021 report, FWS stated it took the agency two months longer than anticipated to sort, review and synthesize comments on the Notice of Intent. (Doc. 266, p. 2.) FWS produced a 60-plus page synthesis of public comments that it expected to incorporate into the Draft SEIS. (*Id.*) The FWS reported it had numerous Cooperating Agency meetings via video and teleconference and two Tribal Working group meetings. (*Id.* at 3.) FWS stated that the agency "is close to finalizing a proposed revised rule and continues to work with cooperating agencies on the draft SEIS, including the development of additional data." (*Id.*)  Based on the work remaining, the ongoing pandemic, and the anticipated significant public interest, FWS represented that it would likely not meet the May 2021 deadline. (*Id*. at 4.)

FWS subsequently sought Plaintiffs' consent to extend the timeline. (Doc. 267-1, p. 5.)  The parties agree that an extension is warranted but disagree as to the extent of the extension. (*Id*.; Doc. 268, p. 2; Doc. 269, p. 2.)

In the pending motion, the Federal Defendants document the work remaining and seek to modify the deadline set forth in this Court's judgment, pursuant to Federal Rule of Civil Procedure 60(b)(5) or (b)(6). (Doc. 267.)  The Federal Defendants proposes a fourteen-month extension of the deadline.  (*Id.* at 2.) The Plaintiffs, in opposition, argue that such an extension is excessive and unreasonable.  (Doc. 268, p. 2; Doc. 269, p. 2.)  Plaintiffs assert that a six-month extension is appropriate.  (*Id.*)

## II.    Standard for Modification of a Final Judgment

Federal Rule of Civil Procedure 60(b)(5) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . [if] applying it prospectively is no longer equitable." The Ninth Circuit has held that the "general, flexible standard" set forth in *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367 (1992),

"applies to all Rule 60(b)(5) petitions brought on equitable grounds." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255-57 (9th Cir. 1999); *Ctr. for Biological Diversity v. Norton*, 2003 WL 22225620, *1-2 (S.D. Cal. Sept. 9, 2003) (applying *Rufo* standard to modify deadline for FWS to issue a new proposed and final critical habitat determination). Under the flexible standard, "a party seeking modification of a [final judgment] bears the burden of establishing that a significant change in circumstances warrants revision of the [final judgment]. If the moving party meets this standard, the court should consider whether the proposed modification is suitably tailored to the changed circumstance." *Rufo*, 502 U.S. at 383.

### III.   Discussion

#### A. Modification is Warranted

Modification of a final judgment "may be warranted when changed factual conditions make compliance with the decree substantially more onerous." *Rufo*, 502 U.S. at 384. "Modification is also appropriate when a decree proves to be unworkable because of unforeseen obstacles." *Id.*  The parties do not dispute that the change in circumstances due to the COVID-19 pandemic makes the remand deadline unworkable and therefore agree that modification is warranted.

FWS documents the unforeseen complications due to the COVID-19 pandemic and its continuing impact on FWS's compliance with the remand deadline initially presented to the Court in 2018.  These complications include reduced staff hours, delays in internal processes, delays in communication with cooperating agencies, and the redirecting of resources and staff labor towards creating a virtual public comment forum. Further, FWS proposes extending the public comment period by 30 days in light of the logistical challenges presented by COVID-19 and the need for participation of its Cooperating Agencies and the public, cooperation which is crucial to wolf conservation and recovery actions. Based on these circumstances, the Court finds that modification of the remand deadline is appropriate.

The Court also finds that the need to develop a SEIS constitutes a changed factual

condition that makes compliance with the final judgment deadline substantially more onerous. *See Rufo*, 502 U.S. at 384. The development of a SEIS creates an additional four months of work. Although the potential need for a SEIS was foreseeable at the time the Court imposed its final judgment, the Court did not take it into account in setting the deadline.  The Court declined to adopt an extended deadline to include time, should a SEIS be required. (Doc. 215, p. 2.)

Due to both of these changed circumstances, the Court concludes that equity requires that the final judgment be modified. *See Rufo*, 502 at 395 (O'Connor, J., concurring) (noting that the court's holding provides that modification may be "equitable" under Rule 60(b)(5) even if the changed circumstance is foreseeable).[3]

## B. FWS's Proposed Modification is Suitably Tailored to the Changed Circumstances

"Once a court has determined that changed circumstances warrant a modification in a [final judgment], the focus should be on whether the proposed modification is tailored to resolve the problems created by the change in circumstances." *Rufo*, 502 U.S. at 391.

FWS has provided evidence that the proposed fourteen-month extension is suitably tailored to resolve the change in circumstances. The declaration submitted by FWS details the work remaining and proposes timeframes for completion of each step in the rulemaking process in light of the COVID-19 pandemic. The proposed deadline is based on FWS's experience in developing rules, including those required by Section 10(j) of the ESA. *See Rufo*, 502 U.S. at 392, n.14 (noting that the district court should give "significant weight" to local government officials who must implement the modification); *see also Ctr. for Biological Diversity v. Norton*, 2003 WL 22225620, at *2 n.1 (S.D. Cal. Sept. 9, 2003) (interpreting *Rufo's* deference to local government officials to include any government agency because the agency is "usually in a unique position to understand what its resource

---

[3] Because the Court finds that the changed factual circumstances warrant modification, the Court need not consider whether "enforcement of the [final judgment] without modification would be detrimental to the public interest." *Rufo*, 502 U.S. 384-85 (noting that the detriment to the public interest is an alternative basis to warrant modification).

constraints are and how to allocate those resources"). Although the delay is regrettable, the Court concludes that FWS's proposed modification is suitably tailored to the change in circumstances.[4]

Plaintiffs argue that FWS's failure to meet the deadline is self-imposed because it took no action for over a year after the Court's summary judgment order. Plaintiffs' arguments as to why the proposed deadline is excessive and unreasonable are understandable. However, the  previous delay has no bearing on whether the proposed modification is tailored to the changed circumstances and current needs.

Plaintiffs also argue that fourteen months is unreasonable because "a reasonable time for an agency decision could encompass months, occasionally a year or two, but not several years or a decade." *Midwest Gas Users Ass'n v. FERC*, 833 F.2d 341, 359 (D.C. Cir. 1987) (internal quotations and citation omitted). In *Midwest Gas*, the court stated, "whether a delay is unreasonable necessarily turns on the facts of each particular case." *Id.* The facts here justify FWS's proposed deadline.

The Court does not find that Plaintiffs' proposed six-month extension is sufficient. It does not include time required to complete a SEIS and does not take into account the continuing delays expected with the COVID-19 pandemic.  Although further delay does not advance the goals of protecting the Mexican gray wolf, the ESA requires FWS to comply with the rulemaking process.  FWS has shown that the proposed extension is warranted in order to provide a rule that satisfies Section 10(j).

//

//

//

//

//

//

//

---

[4] Having found that modification is appropriate under Rule 60(b)(5), the Court will not consider whether modification is warranted under Rule 60(b)(6).

For the foregoing reasons,

**IT IS ORDERED** that Federal Defendants' Motion to Modify Deadline for Completion of Remand (Doc. 267) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order (Doc. 215 in CV-15-00019-TUC-JGZ and Doc. 106 in CV-16-00094-TUC-JGZ) and Final Judgment (Doc. 244 in CV-15-00019-TUC-JGZ and Doc. 112 in CV-16-00094-TUC-JGZ) are **MODIFIED** as follows: Federal Defendants shall have thirty-nine (39) months to issue a final, revised 10(j) rule in accordance with the Court's March 31, 2018 Order. Federal Defendants shall issue the final rule on or before **July 1, 2022**.

All other provisions of the Court's orders and final judgments shall remain in full force and effect, including that Federal Defendants shall submit semi-annual reports informing the Court and all parties of their progress towards finalizing a revised 10(j) rule.

Dated this 27th day of April, 2021.

Honorable Jennifer G. Zipps
United States District Judge

- 7 -